LAW OFFICE OF CARRIE M. WILCOX
11811 N. Tatum Blvd, Suite 3031
Phoenix, Arizona 85028
Telephone: 602/445-4690
Fax: 602/445-4699
carrie@wilcoxlegal.com

Carrie M. Wilcox
State Bar #16850
Attorney for Creditor Gem Maintenance

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**DEMPSTER JACKSON** and **MARY JACKSON,**<br><br>Debtors.<br><br>_____<br><br>**GEM MAINTENANCE,**<br>Movant,<br><br>vs.<br><br>**DEMPSTER JACKSON and MARY JACKSON,**<br>Debtors. | Chapter 13<br><br>Case No. 2:08-bk-14091-JMM<br><br>**ADVERSARY COMPLAINT** |

Movant, GEM MAINTENANCE LLC, by and through its attorney undersigned, hereby brings an Adversary Complaint against Debtors DEMPSTER JACKSON AND MARY JACKSON (hereinafter "Debtors"), and for its cause of action would show the following:

**PARTIES AND JURISDICTION**

1. Movant Gem Maintenance LLC is a Washington Limited Liability Company duly authorized to do business in Arizona.

-1-

2. Debtors Dempster and Mary Jackson are residents of Maricopa County, Arizona.

3. Impact Enterprises is an Arizona limited liability company, the sole members of which are Debtors Dempster and Mary Jackson.

4. Dempster and Mary Jackson ("Debtors") filed a Chapter 13 petition under Title 11, United States Code (the "Bankruptcy Code") on October 13, 2008.

5. That on or about the 10th day of November, 2000, Movant Debtors and Debtors LLC, Impact Enterprises, entered into a contract for the sale by Movant to Debtors and Impact Enterprises of a business known as aqua Clean Coin Laundry, located in Maricopa county, state of Arizona.

6. That the sales price agreed upon by the parties, and personally guaranteed by Debtor Dempster Jackson, was the sum of One Hundred Thirty-Five Thousand and No/ 100 Dollars ($135,000.00), payable as follows:

The sum of Thirty Thousand and No/ 100 dollars ($30,000.00) payable before the close of escrow, assumption by purchasers of an existing indebtedness in the amount of Forty-Nine Thousand Seventy-Seven and 65/ 100 Dollars ($49,077.65), assumption by purchasers of an indebtedness in the amount of Eleven Thousand and No/100 Dollars ($11,000.00), and the sum of Forty-Four Thousand Nine hundred Twenty-Two and 35/100 Dollars ($44,922.35) payable to seller on or about December 31, 2000.

7. That Debtor Dempster Jackson and Impact Enterprises executed the sales documents, as well as a Security Agreement on the unpaid portion of the purchase price, in favor of Plaintiff on or about the 30th day of November, 2000. Those purchase documents included, but are not necessarily limited to, a Bill of Sale for the personal Property, a Promissory Note in favor of seller in the principal amount of Forty-Four Thousand Nine Hundred Twenty-Two and 35/1000 Dollars ($44,922.35) due and payable by December 31, 2000, Chattel security Agreement, and a UCC-1 Financing Statement.

8. That despite numerous demands by Movant for payment pursuant to the Promissory Note, Debtor Dempster Jackson and Impact Enterprises have neglected and refused to comply with the Chattel Security Agreement and Promissory Note, or any part thereof, and have defaulted on the agreement.

9. Debtors, by and through Debtor Dempster Jackson, made material misrepresentations concerning both the Debtors and Impact Enterprise's ability to pay the amount called for in the sale documents. Specifically, Debtor Dempster Jackson stated he had an approved loan for the balance of the purchase price, and that the "banker" was on vacation and could not fund the loan until he returned.

10. The representation made by Debtors was material in that it induced Movant to complete the sale of said business prior to receiving payment pursuant to the sale documents.

11. Movant justifiably relied on the representations and that Debtors knew that said representation was false and intended to defraud Movant by either not remitting the remaining funds or causing Movant great difficulty and expense in attempting to collect said amount.

12. That Debtors formed the limited liability company Impact Enterprises for the sole fraudulent purpose of gaining ownership of Movant's company and not paying for it.

13. Impact Enterprises is the alter ego of Debtors and there is such a unity of interest of ownership and personality that the owners are the business.

14. Impact Enterprises was undercapitalized and the husband and wife members dominated the limited liability company to such an extent they had the same identity as the limited liability company.

15. The Debtors knowingly signed the suspect promissory note as an LLC and Dempster Jackson individually to leave only the ghost corporate entity liable for the loan they did not intend to repay, and to fraudulently shield their marital community.

16. That Debtors should be personally liable for the fraud because they are the company's alter ego.

17. On May 9, 2001 Movant filed a civil lawsuit against the debtors in Maricopa County Superior Court in Cause No. CV2001-007945 (the "Civil Proceedings").

18. Movant obtained a Judgment against Defendant Dempster Jackson but the proceedings pending against the Debtors limited liability company, Impact Enterprises, were stayed as a result of Debtors' Chapter 13 filing.

19. 11 U.S.C.S. §523(a)(2)(A) provides that a debtor is not allowed discharge for:

    "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

20. 11 U.S.C.S. §523 (a)(4) further provides that a debtor is not allowed discharge "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

21. The exception to discharge set forth in 11 U.S.C. § 523(a)(4) applies to corporate officers who directly participate in a fraud or defalcation of a creditor even if such officers are acting in the scope of their employment and even if the corporation rather than the individual officer is actually the fiduciary under the contract or statute that establishes the trust relationship. See e.g. In Re Interstate Agency, Inc., 760 F.2d 121, 125-126 (6th Cir. 1985); In Re Currin, 55 Bankr. 928, 935-936

(Bankr. D. Colo. 1985); Matter of Koszuth, 43 Bankr. 104, 107-108 (Bankr. M.D. Fla. 1984); Matter of Folliard, 10 Bankr. 875, 876-877 (D. Md. 1981).

22. A corporate officer may be excepted from discharge under § 523(a)(4) even if he or she does not personally profit from the defalcation in question. See Folliard, 10 Bankr.. at 876-877; Koszuth, 43 Bankr. at 1." In re Failing, 124 B.R. 340, 344-345 (W.D. Okla. 1989)

23. 11 U.S.C.S. §523(a)(6) provides that a debtor is not allowed discharge for "willful and malicious injury by the debtor to another entity or to the property of another entity."

24. That the Debtors in the present action should be denied a discharge of Movant's debt due to the non-dischargeability of this debt under 11 U.S.C.S. §523(a)(2)(A) and §523(a)(4) and §523(a)(6).

WHEREFORE, Plaintiffs request that this Honorable Court enter a judgment against Debtors for the following:

    A.    That the debt complained of herein in non-dischargeable;

    B.    Damages in an amount to be proven at trial;

    C.    Attorney's fees incurred in bringing this action;

    D.    Costs incurred in bringing this action; and

    E.    Such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this 19th day of January, 2010.

THE LAW OFFICE OF CARRIE M. WILCOX

By: /s/ Carrie M. Wilcox, 016850
Carrie M. Wilcox
11811 North Tatum Blvd., Ste. 3031
Phoenix, Arizona 85028
*Attorneys for Creditor Gem Maintenance*

**FOREGOING** filed electronically with the United States Bankruptcy Court, District of Arizona, this 19th day of January, 2009, with a **COPY** of the foregoing mailed this same date to:

Dempster Jackson
5359 W. Villa Rita Drive
Glendale, AZ 85308
*Debtor*

Mary Jackson
5359 W. Villa Rita Drive
Glendale, AZ 85308
*Debtor*

Michael J. Fatta
LAW OFFICE OF MICHAEL J. FATTA, PLLC
18001 N. 79th Ave., Suite B-40
Glendale, AZ 85308
*Attorneys Debtors*

Russell Brown, Esq.
3838 North Central Ave., Suite 800
Phoenix, AZ 85012-1965
*Chapter 13 Trustee*

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003
*U.S. Trustee*

/s/ Carrie M. Wilcox